1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA
10

| | | |
|---|---|---|
| DAVID E. SNELL, | ) | Case No. CV 13-3111-SP |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

**I.**

**INTRODUCTION**

On May 7, 2013, plaintiff David E. Snell filed a complaint against
defendant, the Commissioner of the Social Security Administration
("Commissioner"), seeking a review of a denial of supplemental security income
("SSI") and disability insurance benefits ("DIB").  Both plaintiff and defendant
have consented to proceed for all purposes before the assigned Magistrate Judge
pursuant to 28 U.S.C. § 636(c).  The court deems the matter suitable for
adjudication without oral argument.

1

Plaintiff presents one issue for decision: whether the Administrative Law Judge ("ALJ") properly determined that plaintiff did not have a severe mental impairment at step two. Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 2-4; Memorandum in Support of Defendant's Answer at 3-8.

Having carefully studied, inter alia, the parties's moving papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ erred at step two. Therefore, the court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was forty-one years old on his alleged disability onset date, has a high school education. AR at 101, 114. On March 2 and 7, 2011, plaintiff filed applications for SSI and DIB, alleging an onset date of July 8, 2006 due to depression, back disorder, cracked discs, panic attacks, anxiety, neck pain, and difficulty walking. *Id* at 34-35, 101, 113. The Commissioner denied plaintiff's application initially, after which he filed a request for a hearing. *Id.* at 40-44, 46.

On January 13, 2012, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id*. at 19-33. The ALJ also heard testimony from David Peterson, a medical expert. *Id.* at 28-32. On January 25, 2012, the ALJ denied plaintiff's claim for benefits. *Id*. at 10-15.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since July 8, 2006, the alleged onset date. *Id.* at 12.

At step two, the ALJ found that plaintiff did not suffer from any severe impairment. *Id.* at 12-14.

Consequently, the ALJ concluded that plaintiff did not suffer from a

1  disability as defined by the Social Security Act ("SSA").  *Id.* at 14.

2      Plaintiff filed a timely request for review of the ALJ's decision, which was

3  denied by the Appeals Council.  *Id.* at 1-3.  The ALJ's decision stands as the final

4  decision of the Commissioner.

## III.

## STANDARD OF REVIEW

7      This court is empowered to review decisions by the Commissioner to deny

8  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

9  Administration must be upheld if they are free of legal error and supported by

10  substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)

11  (as amended).  But if the court determines that the ALJ's findings are based on

12  legal error or are not supported by substantial evidence in the record, the court

13  may reject the findings and set aside the decision to deny benefits.  *Aukland v.*

14  *Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d

15  1144, 1147 (9th Cir. 2001).

16      "Substantial evidence is more than a mere scintilla, but less than a

17  preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such

18  "relevant evidence which a reasonable person might accept as adequate to support

19  a conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

20  F.3d at 459.  To determine whether substantial evidence supports the ALJ's

21  finding, the reviewing court must review the administrative record as a whole,

22  "weighing both the evidence that supports and the evidence that detracts from the

23  ALJ's conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be

24  affirmed simply by isolating a specific quantum of supporting evidence.'"

25  *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

26  Cir. 1998)).  If the evidence can reasonably support either affirming or reversing

27  the ALJ's decision, the reviewing court "'may not substitute its judgment for that

28

1  of the ALJ.'"  *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.
2  1992)).

3  **IV.**

4  **DISCUSSION**

5  Plaintiff argues that the ALJ erred in failing to determine that he has a
6  severe mental impairment at step two.  P. Mem. at 2-4.  Specifically, plaintiff
7  contends that the medical evidence and medical expert support a finding of a
8  severe mental impairment.  *Id.*  The court agrees.

9  At step two, the Commissioner considers the severity of the claimant's
10  impairment.  20 C.F.R. § 416.920 (a)(4)(ii).  "[T]he step-two inquiry is a de
11  minimis screening device to dispose of groundless claims."  *Smolen v. Chater*, 80
12  F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify "at an early stage
13  those claimants whose medical impairments are so slight that it is unlikely they
14  would be disabled even if their age, education, and experience were taken into
15  account."  *Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 96 L. Ed. 2d 119
16  (1987).

17  An impairment is "not severe" when the impairment would have no more
18  than a minimal effect on a claimant's ability to work.[1]  *Webb v. Barnhart*, 433 F.3d
19  683, 686-87 (9th Cir. 2005) ("[A]n ALJ may find that a claimant lacks a medically
20  severe impairment or combination of impairments only when his conclusion is
21  'clearly established by medical evidence.'"); Social Security Ruling ("SSR")[2] 85-

22  _____

23  [1]  "'Basic work activities' are defined as including such capabilities as use of
24  judgment; responding appropriately to supervision, co-workers and usual work
25  situations; and dealing with changes in a routine work setting."  *Edlund v.*
26  *Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (as amended) (internal citations
    omitted).

27  [2]  "The Commissioner issues Social Security Rulings to clarify the Act's
28  implementing regulations and the agency's policies.  SSRs are binding on all

28.  "[A]pplying our normal standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." *Webb*, 433 F.3d at 687.  In addition, "'if an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step.'" *Id.* (quoting SSR 85-28) (brackets omitted).

Here, the ALJ determined that plaintiff did not have a severe mental impairment.  In reaching this decision, the ALJ relied on plaintiff's medical records and the testimony of the medical expert, Dr. David Peterson.  The ALJ acknowledged that plaintiff had been treated for depression and anxiety, but determined that his medical records consisted of initial consultations as opposed to longitudinal treatment.  AR at 14.  Although the ALJ was correct in noting the record did not reflect extensive long-term treatment, the record nonetheless contained evidence sufficient to meet the de minimis threshold of step two.

The records show that plaintiff was being treated with medication as early as 2009.[3]  *See id.* at 193-97.  During his initial assessment by the South Bay Mental Health Clinic of the Los Angeles County Department of Mental Health, the evaluator noted that plaintiff was cooperative and had unimpaired speech,

---

components of the SSA.  SSRs do not have the force of law.  However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference.  We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

[3]  Plaintiff reported to the Los Angeles County Department of Mental Health that he was previously treated at Santa Clarita Valley Mental Health Clinic, but the record does not contain the treatment notes from the Santa Clarita Clinic.  AR at 197.

1   intellectual functioning, and memory. *Id.* at 194.  But the evaluator also observed
2   that plaintiff had a sad affect, was dysphoric, had fragmented concentration, and
3   had been prescribed Wellbutrin, Trazodone, and Depakote. *Id.* at 194, 196.
4   Plaintiff reported to the South Bay Mental Health Clinic for follow up medication
5   visits on a regular basis between September 2009 and August 2011 and briefly
6   attended group therapy. *See, e.g., id.* at 205-13, 257-65.  Although far from
7   overwhelming, there was not a "total absence of objective evidence of severe
8   medical impairment." *See Webb*, 433 F3d at 688.

9          In addition, other evidence to support a finding of a severe impairment at
10  step two included plaintiff's testimony and the opinions of the State Agency
11  physician and medical expert.  Plaintiff testified that he was often confused and
12  anxious and could not concentrate, which was the reason he missed his recent
13  appointments.[4]  AR at 25.  The State Agency psychiatrist, Dr. Alvin Smith, noted
14  that the record indicated that plaintiff suffered from depression but there was
15  insufficient evidence to opine functional limitations. *Id.* at 221, 226, 228.
16  Although Dr. Smith did not offer a dispositive opinion, his comments suggested
17  that further assessment was necessary before reaching a definitive severity
18  assessment. *See, e.g., Peterson v. Astrue*, No. 07-1819, 2009 WL 2390607, at *9
19  (Aug. 3, 2009) (finding that the State Agency physician's conclusion that there
20  was insufficient evidence to determine severity "certainly suggests that additional
21  information may have been necessary and demonstrates a hesitancy to declare
22  [plaintiff's] impairments non-severe").  And although Dr. Peterson, the medical
23  expert, did not offer a specific diagnosis, found no objective evidence of
24  limitations in concentration, persistence and pace, and opined that whatever

25  _____

26      [4]   The ALJ both appears to credit and discount plaintiff's testimony.  On the
    one hand, the ALJ found plaintiff's "testimony regarding his problems as he sees
27  them" credible.  AR at 14.  On the other hand, the ALJ found plaintiff's testimony
    "not entirely credible or consistent with the medical evidence." *Id.*
28

impairment plaintiff had could be improved with treatment, he also opined that plaintiff was capable of performing simple, repetitive tasks, should have no public contact, and should have only occasional contact with coworkers and supervisors. *Id*. at 28-29. Dr. Peterson's opinion suggests at least a moderate limitation in social functioning.

Taken together, plaintiff's treatment history, diagnosis, and testimony were "'sufficient to pass the de minimis threshold of step two." *See Kent v. Astrue*, 335 Fed. Appx. 673, 674 (9th Cir. 2009) (quoting *Webb*, 433 F.3d at 687).

Moreover, although a claimant bears the burden at step two, "the ALJ [has] an affirmative duty to supplement [a claimant's] medical record, to the extent that it was incomplete, before rejecting [a claimant's] petition at so early a stage in the analysis." *Webb*, 433 F.3d at 687. Here, plaintiff's record was sufficiently incomplete and ambiguous to warrant supplementation. *See Tonapetyan*, 242 F.3d at 1150 ("Ambiguous evidence . . . triggers the ALJ's duty to conduct an appropriate inquiry.") (internal quotation and citation omitted). The record reflects that prior to 2009, plaintiff had been treated by the Santa Clarita Clinic. *See* AR at 197. Yet the ALJ made no attempt to obtain medical records from the Santa Clarita Clinic. Dr. Smith, the State Agency psychiatrist, did not opine that plaintiff did not have limitations, but instead noted that there was insufficient evidence to make a determination, thereby suggesting that with more information, he might reach the opinion that plaintiff had functional limitations. *See id.* at 226, 228.

In sum, the ALJ erred at step two because the evidence did not clearly establish the absence of a severe mental impairment. Because there was not substantial evidence to show that plaintiff's claim was groundless, the ALJ should have sought to supplement the record and continued the five-step sequential analysis beyond step two to determine whether plaintiff suffered from a disability.

1    *See Webb*, 433 F.3d at 688.

2    ## V.

3    ## REMAND IS APPROPRIATE

4    The decision whether to remand for further proceedings or reverse and

5 award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

6 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by

7 further proceedings, or where the record has been fully developed, it is appropriate

8 to exercise this discretion to direct an immediate award of benefits. *See Benecke*

9 *v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d

10 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings

11 turns upon their likely utility). But where there are outstanding issues that must be

12 resolved before a determination can be made, and it is not clear from the record

13 that the ALJ would be required to find a plaintiff disabled if all the evidence were

14 properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96;

15 *Harman*, 211 F.3d at 1179-80.

16    Here, as set out above, remand is required because the ALJ erred in failing

17 to find that plaintiff had a severe mental impairment at step two. On remand, the

18 ALJ shall supplement the record and proceed with the five-step sequential analysis

19 to determine what work, if any, plaintiff is capable of performing.

20    ## VI.

21    ## CONCLUSION

22    IT IS THEREFORE ORDERED that Judgment shall be entered

23 REVERSING the decision of the Commissioner denying benefits, and

24 REMANDING the matter to the Commissioner for further administrative action

25 consistent with this decision.

26 DATED: March 12, 2014

27    SHERI PYM
     United States Magistrate Judge

28